IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Tina Kennedy Dixon, individually and as natural guardian for her minor child Kristina Kennedy, | ) ) ) ) | C/A NO. 3:07-1379-CMC |
| Plaintiff, | ) ) ) | **ORDER** |
| v. | ) ) | |
| J.C. Penney Company, a/k/a J.C. Penney Company, Inc., and J.C. Penney Corporation, Inc., | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on the motion of J.C. Penny Corporation, Inc. (Defendant) for summary judgment.[1] Plaintiff has responded in opposition, and Defendant has replied to Plaintiff's opposition.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

---

[1]Plaintiff's complaint lists two defendants, although it references the actions of "Defendant J.C. Penney," Complaint at 1 (Dkt. 1-2, filed May 15, 2007), and seeks recovery from "Defendant," *id*. at 4. Defendants' Answers to Local Rule 26.01 Interrogatories indicate that J.C. Penney Corporation, Inc. is a wholly owned subsidiary of J.C. Penny Company, Inc. This motion for summary judgment is made on behalf of J.C. Penny Corporation, Inc.

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Defendant contends that the videotape of the alleged trip and fall "conclusively shows" that Defendant is entitled to summary judgment in this matter. After reviewing Plaintiff's response to the motion and a copy of the videotape, as well as Defendant's reply, the court cannot agree and therefore **denies** Defendant's motion for summary judgment.

The parties are directed to consult with one another to resolve the outstanding discovery dispute which this court heard on Friday, October 5, 2007. If the parties cannot resolve their differences, they should contact the court to schedule a telephone conference.

The current scheduling order remains in effect in this matter.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 16, 2007

C:\Documents and Settings\Glp59\Local Settings\Temp\notesE1EF34\~4161741.wpd

2