IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tina Kennedy Dixon, individually and as natural guardian for her minor child Kristina Kennedy, | C/A NO. 3:07-1379-CMC |
| Plaintiff, | |
| v. | **OPINION AND ORDER DENYING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT** |
| J.C. Penney Company, a/k/a J.C. Penney Company, Inc., and J.C. Penney Corporation, Inc., | |
| Defendants. | |

This matter is before the court on Defendant J.C. Penney Corporation, Inc.'s ("JC Penney") second motion for summary judgment.[1] For the reasons stated below, the motion is **denied**.

**BACKGROUND**

Plaintiff Tina Kennedy Dixon ("Dixon") alleges that she tripped and fell when she caught her foot on a wrinkled or upturned rug in the entrance of the JC Penney retail store located at the Village at Sandhills. Dkt. No. 1-2 at 2.. At the time of the accident on November 24, 2006,[2] Dixon was carrying her two-year-old daughter, Kristina Kennedy. *Id.* Dixon brought suit seeking damages for injuries she and her daughter allegedly sustained as a result of the fall. *Id.* at 2-3.

---

[1] J.C. Penney Company, Inc., a/k/a J.C. Penney Company, Inc., has been dismissed from this case. Dkt. No. 36.

[2] The complaint indicates that the incident took place on November 25, 2006. Dkt. No. 1-2 at 2. However, subsequent filings reflect that the incident occurred on November 24, 2006. *See* Dkt. No. 52-1 at 9.

**STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In deciding a summary judgment motion, the court must look beyond the pleadings and determine whether there is a genuine need for trial. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986).

**DISCUSSION**

In its first motion for summary judgment, JC Penney contended that Dixon's claims were foreclosed by a videotape of the alleged trip and fall that demonstrated the rug at the entrance was

2

not in a defective condition. After reviewing Dixon's response to the motion and a copy of the videotape, as well as JC Penney's reply, the court determined that there was sufficient evidence to give rise to a genuine issue of material fact regarding the condition of the rug. In its current motion, JC Penney asserts that it is entitled to summary judgment "because the rug in question – and the condition it was i[n] – was open and obvious." Dkt. No. 46-2 at 4. However, JC Penney's argument focuses on notice of the *existence* of the rug, not its condition. *See id.* at 7, 9 ("Kennedy Dixon knew or should have known about the rug at issue on the date of her fall because she was on notice of it."). JC Penney also notes that Dixon had been to its Village at Sandhills store several times and had encountered the rug before the date of her accident. *Id.* at 7.

That the *rug itself* may have been open and obvious is not dispositive. The critical questions are (1) whether JC Penney either caused or was on notice of the hazardous condition and (2) whether the alleged hazardous condition of the rug, that of being wrinkled, upturned at the edge, or otherwise disturbed, was open and obvious to Dixon . *Anderson v. Racetrac Petroleum, Inc.*, 371 S.E.2d 530, 531 (S.C. 1988).

JC Penney's argument as to the first point is that it ensured the rug was visible by placing a dark rug on a white floor. This is not enough to support summary judgment because it addresses only the visibility of the rug. It does not address whether the rug was in a defective condition and whether JC Penney caused or was on notice of any defective condition. The fact that JC Penney placed the rug by the door may be enough to support causation if it is shown that JC Penney did not properly monitor the condition of the rug after its placement. *See Cook v. Food Lion, Inc.*, 491 S.E.2d 690, 691-92 (S.C. Ct. App. 1997) (holding that a customer was not required to show a supermarket's awareness of the dangerous condition of the floor mat in an entryway because the mat was placed by store employees who were aware of the mat's tendency to wrinkle).

JC Penney's argument as to the second issue also fails because JC Penney has not directed the court to any evidence that Dixon was aware the rug was in an unsafe condition (or an absence of evidence of any such condition).[3]  Awareness of the existence of the rug is not enough.  *See Kimbrell v. BI-LO, Inc.*, 150 S.E.2d 79, 81 (S.C. 1966) (noting in discussion of a shopper's fall from a ramp at the store entrance that "[t]he fact that the plaintiff knew of the ramp and was conscious of its existence is not determinative of the question of contributory negligence.").  Dixon testified that she had no knowledge of the alleged hazardous condition of the rug.  *See* Dixon Dep., 57:3-15 (cited in Dkt. No. 46-2 at 7.).  In her deposition she testified that she assumed the rug would be in a safe condition on the biggest shopping day of the year, so she did not look down at the floor as she entered the store carrying her daughter.  *Id.*  A shopper is entitled to assume that a store will "not create a dangerous situation and invite her into it;" and the actions of a plaintiff who proceeds under that presumption should be evaluated accordingly.  *Kimbrell*, 150 S.E.2d at 81.

Viewing the facts in the light most favorable to Dixon, the condition of the rug at the time of Dixon's fall, her actual observation of any unsafe condition, and the cause of the fall remain genuine issues of material fact which preclude summary judgment at this time.

---

[3]  Had JC Penney directed the court to such an absence of evidence, the burden would have shifted to Dixon to proffer evidence regarding the condition of the rug at the time of the accident and her ability to observe the same (for example, in the form of deposition testimony or an affidavit).  *See* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.")

## CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is denied.

**IT IS SO ORDERED.**

                                                          S/ Cameron McGowan Currie
                                                          CAMERON MCGOWAN CURRIE
                                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 28, 2008